Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
Victoria E. Mulvey (Bar No. 343220)
vmulvey@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:(949) 258-5081

*Attorneys for Plaintiff,*
Michael Grecco Productions, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., a California corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>DIFFERENT BY CHOICE CORPORATION d/b/a INCLUB MAGAZINE, a Pennsylvania Corporation; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No. 2:25-cv-758<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

Michael Grecco Productions, Inc. ("Grecco"), by and through its attorneys of record, complains against Different By Choice Corporation d/b/a InClub Magazine ("InClub") and DOES 1-10, inclusive (collectively, "Defendants"), as follows:

## JURISDICTION AND VENUE

1.      This is a civil action against Defendant InClub Magazine for its acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et seq.

2.      This Court has subject matter jurisdiction over this copyright infringement action under 28 U.S.C. §§ 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a).

3.      Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) and (c) in that the claim arises in this Judicial District, the Defendant transacts business in this Judicial District, and the injury suffered by Grecco took place in this Judicial District.  Defendant is subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

4.      Plaintiff Grecco is a photography studio and business owned and operated by photographer Michael Grecco and registered with the State of California on or around January 1, 1998.  Grecco is the successor by corporate name change from Michael Grecco Photography, Inc. to Michael Grecco Productions, Inc. on January 26, 2012.  Grecco is a California corporation with its principal place of business at 3103 17th Street, Santa Monica, California 90405.

5.      Grecco is informed and believes and, upon such, alleges that Defendant Different By Choice Corporation d/b/a InClub Magazine is formed and existing under the laws of Pennsylvania with its principal place of business located in Philadelphia, Pennsylvania, who provides goods and services globally, including in and to this District.

6.      DOES 1 through 10, inclusive, are unknown to Grecco, who therefore

2

sues said Defendants by such fictitious names.  Grecco will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.  Grecco is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" are legally responsible in some manner for the events and happenings herein alleged, and that Grecco's damages as alleged herein were proximately caused by such Defendants.

## STATEMENT OF FACTS

*Plaintiff's Business and the Photographs Forming the*
*Subject Matter of This Dispute*

7.      As part of its business as a prominent celebrity photography agency, Grecco is hired by a multitude of top-tier media outlets, including certain Hollywood studios, to take photographs of celebrities.  Michael Grecco has been asked to create and photograph iconic cover and portrait shots of legendary musicians, actors, directors, technologists, Olympians, fashion models, comedians, athletes and automobiles—such as Johnny Cash, Steven Spielberg, Will Smith, Joaquin Phoenix, Penelope Cruz, Olympian Janet Evans, Martin Scorsese, Steve Martin, Chris Rock, the SnapChat Founders, and Porsche's legendary 911 sports automobile.  Michael Grecco has photographed for some of the most significant publications and magazines in the world, from Vanity Fair to Rolling Stone to ESPN Magazine to People and Forbes and Esquire to name a few, as well as for iconic brands to advertise their products, such as his iconic Porsche photographs.  Grecco then licenses its photographs on an exclusive and non-exclusive basis to top-tier media outlets.  Grecco has licensed individual images of celebrities for thousands of dollars to major top-tier outlets.

8.      Grecco has created many stylized and valuable photographs of celebrities.  Among them is the photographs that frame the subject matter of this dispute.

9.      The photographs are highly valuable photographs of iconic American

**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

singer Janet Jackson (the "Jackson Photographs"). A true and correct copy of the Jackson Photographs are attached hereto as Exhibit A.

10.    Grecco timely obtained the copyright registration for the Jackson Photographs with the United States Copyright Office.  The Jackson Photographs were registered with the copyright office on July 7, 2010.  *See* VA 1-736-729. A true and correct copy of the Copyright Registration Certificate is attached hereto as Exhibit B.

11.    In the marketplace, celebrity photos, such as the Jackson Photographs carries tremendous monetary value. Grecco licenses these images to various third parties to create highly sought-after feature spreads, among other things, on television, print, and online. The Jackson Photographs themselves has been licensed to media outlets for many thousands of dollars.

*The Defendant and the Marketplace*

12.    InClub is a famous and successful national print and digital media publication, focused on pop culture and lifestyle.

13.    On information and belief, Defendant profits through its infringement of the Jackson Photographs by attracting future customers to use, subscribe to, and patronize their publications.

14.    Defendant understands the immense value of intellectual property protections. As a highly sophisticated and longstanding publication and media company, Defendant is keenly aware of the worth of intellectual property as a valuable commodity.

15.    Still, despite its awareness of the importance of intellectual property rights, its potential to incur liability for the infringement of the same, and Defendant's sophisticated operators, Defendant infringed Grecco's copyrights to the Jackson Photographs.

16.    On February 1, 2022, Defendant ran an online article entitled "*Maybe we should all apologize to Janet Jackson*," which prominently featured the *Jackson*

4

*Photographs*. A true and correct copy of the Jackson Photographs infringement is attached hereto as Exhibit C which demonstrates that the Jackson Photographs was reproduced, distributed and publicly displayed by InClub on its website. Grecco discovered this infringement on May 14, 2024.

17.    On or about May 23, 2024, Grecco wrote to InClub, notifying it of its infringement and demanding that the Jackson Photographs be removed from the InClub Website.

18.    On or about June 3, 2024, Grecco wrote to InClub again, reiterating the demand to remove the Jackson Photographs from the InClub Website.

19.    On or about June 7, 2024, Grecco wrote to InClub a third time, reiterating the demand to remove the Jackson Photographs from the InClub Website.

20.    On or about June 11, 2024, Grecco wrote to InClub yet again, reiterating the demand to remove the Jackson Photographs from the InClub website.

21.    InClub removed the Jackson Photographs on or about June 17, 2024, four demands over the course of several weeks.

22.    On or about June 17 and 20, 2024, Grecco wrote to InClub yet again in an effort to settle the dispute without the need for litigation.

23.    As of the time of this filing, Defendant has failed to respond to Grecco, despite their obvious receipt of Grecco's correspondence.

24.    Grecco is informed and believes that Defendant has violated federal law by infringing Grecco's copyright to at least the Jackson Photographs (identified in Exhibit A).  Specifically, Defendant reproduced, distributed and publicly displayed the Jackson Photographs, and/or derivatives thereof without permission, consent, or license.

25.    Grecco has never sold or licensed the Jackson Photographs to Defendant.

26.    Grecco is informed and believes that Defendant has driven significant traffic to its own platforms in part due to the presence of the sought after and

searched for Jackson Photographs that frames this dispute. As mentioned above, all this traffic translates into substantial ill-gotten commercial advantage and revenue generation for Defendant as a consequence of its infringing actions.

## **FIRST CLAIM FOR RELIEF**

### **(Copyright Infringement, 17 U.S.C. § 501, Against InClub)**

27.     Plaintiff Grecco incorporates herein by reference the allegations in paragraphs 1 through 22 above.

28.     Grecco is the rightsholder to the copyrights of the Jackson Photographs, which substantially consists of wholly original material that constitutes copyrightable subject matter under the laws of the United States. Grecco has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. The Jackson Photographs have been timely registered with the United States Copyright Office. *See* VA 1-736-729

29.     Defendant has directly, vicariously, and/or contributorily infringed, and unless enjoined, will continue to infringe Grecco's copyright by reproducing, displaying, distributing, and utilizing the Jackson Photographs for purposes of trade without authorization of or payment to Grecco in violation of 17 U.S.C. § 501 et seq.

30.     Grecco is informed and believes that Defendant's acts of infringement are willful because, *inter alia*, Defendant is a sophisticated publishing and media entitity comprised of individuals with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation.

31.     Grecco is informed and believes that Defendant, despite such knowledge, willfully reproduced and distributed the Jackson Photographs, without any right to do so.

32.     Defendant has received substantial benefits in connection with the unauthorized reproduction, distribution, and utilization of the Jackson Photographs

for purposes of trade, including by increasing the traffic to their websites and use of their services.

33.    Defendant's unauthorized actions were performed without Grecco's permission, license, or consent.

34.    Defendant's wrongful acts have caused, and are causing, great injury to Grecco, of which damages cannot be accurately computed, and unless this Court restrains Defendant from further commission of said acts, Grecco will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Grecco seeks a declaration that Defendant is infringing Grecco's copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement of Grecco's copyrights.

35.     As a result of Defendant's wrongful acts alleged herein, Grecco has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

36.    Because of the willful nature of Defendant's copyright infringement, Grecco is entitled to an award of statutory damages of up to $150,000 per copyrighted work.

37.    Grecco has identified at least one copyrighted work infringed by Defendant, which occurred by way of reproduction, public distribution, and public display of the Jackson Photographs on its website.  As such, Grecco is entitled to an award of $150,000 per work infringed in statutory damages.

38.    Alternatively, at its discretion, Grecco is entitled to actual damages in an amount to be proven at trial for the infringement of the Jackson Photographs.

39.    Grecco is also entitled to its attorney's fees and costs in prosecuting this action.

//

//

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Grecco requests judgment against Defendant as follows:

A.      Defendant, its officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Grecco's rights in the Photos at issue.

B.      Defendant be held liable to Grecco in statutory damages for copyright infringement in accordance with 17 U.S.C. §§ 504 (a)(2) and (c) and for costs, interest, and reasonable attorney's fees pursuant to 17 U.S.C. § 505.

C.      An accounting be made for all profits, income, receipts, or other benefit derived by Defendant from the reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised that improperly or unlawfully infringes upon Grecco's copyrights pursuant to 17 U.S.C. § 504 (a)(1) and (b).

D.      Requiring Defendant to account for and pay over to Grecco all profits derived by Defendant from its acts of copyright infringement and to reimburse Grecco for all damages suffered by Grecco by reasons of Defendant's acts, pursuant to 17 U.S.C. §§ 504 (a)(1) and (b).

E.      Actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) and (b).

F.      That Grecco be awarded any such other and further relief as the Court may deem just and appropriate.

8

**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

Dated: January 28, 2025                 **ONE LLP**


By: */s/ Peter R. Afrasiabi*
Peter R. Afrasiabi
Victoria E. Mulvey

*Attorneys for Plaintiff,*
Michael Grecco Productions, Inc.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

## **DEMAND FOR JURY TRIAL**

Plaintiff Michael Grecco Productions, Inc. hereby demands trial by jury of all issues so triable under the law.

Dated: January 28, 2025                    **ONE LLP**


By: _/s/ Peter R. Afrasiabi_
Peter R. Afrasiabi
Victoria E. Mulvey

*Attorneys for Plaintiff,*
Michael Grecco Productions, Inc.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**